IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

| | | |
|---|---|---|
| THOMAS EDWARD DIXON, | * | |
| #163 115 | | |
|     Petitioner, | * | |
| | | |
| v. | * | 3:08-CV-323-WKW |
| | | (WO) |
| LEON FORNISS, WARDEN *et al.*, | * | |
| | | |
|     Respondents. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is pending before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed on April 24, 2008 by Thomas Dixon, a state inmate presently incarcerated at the Staton Correctional Facility.[1] In this action, Petitioner challenges his conviction for murder imposed upon him by the Circuit Court for Lee County, Alabama, on June 12, 1991. Petitioner is serving a life sentence.

**DISCUSSION**

A review of the records of this court indicates that Petitioner filed a previous habeas corpus petition under 28 U.S.C. § 2254 challenging his 1991 murder conviction. Petitioner

---

[1] Although the Clerk of this court stamped the present petition "filed" on May 1, 2008, Petitioner signed the petition on April 24, 2008. The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Dixon] signed it . . . " *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers April 24, 2008 as the date of filing.

filed the previous habeas petition on May 26, 1993. *Dixon v. Davis, et al.*, Civil Action No. 3:93-CV-663-ID (M.D. Ala. 1995). In that prior action, the court denied Petitioner relief from his Lee County murder conviction finding his habeas application to be without merit. (*Id. at Doc. No. 41.*)

Pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)(2)]." 28 U.S.C. § 2244(b)(3)(B) and (C).

It is clear from the pleadings filed by Petitioner that he has not received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this court to consider a successive application for habeas relief. "Because this undertaking [is Petitioner's] second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Board of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001). Consequently, the present petition for habeas corpus relief is due to be denied and this case summarily dismissed. *Id.* at 934.

**CONCLUSION**

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner on April 24, 2008 be DENIED.

2. This cause of action be DISMISSED in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A) as Petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive habeas application.

It is further

ORDERED that on or before **May 19, 2008** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 6th day of May 2008.

                                           /s/ Susan Russ Walker
                                           SUSAN RUSS WALKER
                                           CHIEF UNITED STATES MAGISTRATE JUDGE